IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| E-DEALER DIRECT, LLC and 4ALL INSURANCE AGENCY, LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>Bank of America Corporation,<br><br>    Defendant. | CIVIL ACTION No. 3:20-cv-00139 |

# NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as well as the Class Action Fairness Act of 2005 ("CAFA"), Defendant Bank of America Corporation ("BofA") removes the above-captioned action, *E-Dealer Direct, LLC and 4All Insurance Agency, LLC v. Bank of America Co.*, Cause No. 2020DCV1374 (the "State Court Action"), from the 34th Judicial District Court of El Paso County, Texas (the "El Paso County District Court") to the United States District Court for the Western District of Texas. BofA expressly reserves all of its affirmative defenses, rights, and remedies.

## NATURE OF THE ACTION

1. On April 21, 2020, Plaintiffs E-Dealer Direct, LLC and 4All Insurance Agency, LLC filed the State Court Action. Plaintiffs bring the State Court Action both individually and on

behalf of a putative class of similarly situated individuals and entities (the "Class"). BofA is the only named Defendant.[1]

2.  The State Court Action is a putative, nationwide class action lawsuit involving allegations that BofA purportedly failed to process Plaintiffs' loan applications in the recently enacted federal Paycheck Protection Program ("PPP"). The putative nationwide Class consists of "All Bank of America small business customers who utilized Bank of America for assistance with and processing of their PPP loans administered by the [Small Business Administration]." *See* Plaintiff's Original Petition ("Original Petition") ¶ 9, p 4. Plaintiffs allege that BofA "chose to prioritize select customers and 'bigger businesses' for approval to the detriment of Class Members," and also "knowingly and negligently chose to accept federal money to process PPP loans while knowing it would not do so or did not have sufficient infrastructure in place to handle the applications submitted, to the detriment of Plaintiffs and Class Members." *Id.* ¶ 1, p 1.

3.  Plaintiffs' Original Petition alleges five state law claims for relief: Fraud and Fraudulent Inducement; Breach of Fiduciary Duty; Breach of Contract; Negligence; and Violation of the Deceptive Trade Practices Act. *Id.* ¶¶ 18–40, pp 6–10.

4.  Plaintiffs, on behalf of themselves and the putative Class, seek damages of "no less than $10,000,000," in the form of actual damages, exemplary damages, treble damages, attorneys' fees, pre- and post-judgment interest, and costs. *Id.* § XI Prayer, p 11.

---

[1] Bank of America Corporation is not a proper defendant in this lawsuit, as it is the holding company for the appropriate defendant, Bank of America, N.A. BofA brings this Notice of Removal on behalf of Bank of America Corporation and any other relevant BofA entities.

2

Notice of Removal

## REMOVAL IS PROCEDURALLY PROPER

5. Venue is proper in this Court because the action is being removed from the 34th Judicial District Court of El Paso County, Texas, which lies within the Western District of Texas. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

6. This Notice of Removal is timely filed because thirty days have not elapsed from BofA's receipt of Plaintiffs' Summons and/or Original Petition. *See* 28 U.S.C. § 1446(b).

7. A written notice attaching a copy of this Notice of Removal is being served on Plaintiffs and filed with the Clerk of the 34th Judicial District Court of El Paso County, Texas. *See* 28 U.S.C. § 1446(d).

8. True and correct copies of process, pleadings, and orders filed in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446:

**EXHIBIT A**: A civil cover sheet.

**EXHIBIT B**: A supplemental civil cover sheet.

**EXHIBIT C**: A true and correct copy of the state court docket sheet.

**EXHIBIT D**: True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge, along with an index of documents that clearly identifies each document and indicates the date the document was filed in state court.

## THE COURT HAS JURISDICTION OVER THIS PUTATIVE CLASS ACTION

9. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b). CAFA grants district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs; and (iii) any member of the putative class of Plaintiffs is a citizen of a State different from that of any

Defendant (so-called minimal diversity). Jurisdiction under CAFA is determined at the time of removal. *Boulanger v. Devlar Energy Mktg.*, LLC, No. 3:15-CV-3032-B, 2015 WL 7076475, at *6 (N.D. Tex. Nov. 13, 2015) (citing *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014)). As set forth below, this action satisfies each of the requirements for original jurisdiction under CAFA.

10. <u>Covered Class Action</u>. Plaintiffs brought this action "as a class action on behalf of itself and all members" of a putative class under Texas Rule of Civil Procedure 42. Original Petition ¶ 9, p 4. Without conceding that there is any merit to the Original Petition's class allegations or claims, BofA acknowledges that this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

11. <u>Class Action Consisting of More than 100 Members</u>. Plaintiffs' Original Petition alleges that "the proposed Class consists of hundreds of entities." Original Petition ¶ 10, p 4. Because Plaintiffs allege that their putative Class consists of at least 100 proposed class members, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

12. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

    a. Plaintiffs are citizens of Texas. Plaintiffs' Original Petition alleges that they are Texas limited liability companies. Original Petition ¶¶ 3–4, p 2. For purposes of diversity jurisdiction, a limited liability company is a citizen of each state where its members are citizens. Based on information submitted to BofA by each Plaintiff, as well as publicly available documents

regarding Plaintiffs accessible through the Texas Secretary of State, the members of each of the Plaintiff limited liability companies are residents and citizens of Texas. Thus, Plaintiffs are each citizens of Texas for diversity purposes.

      b. BofA is a Delaware company with its principal place of business in North Carolina. As such, it is deemed to be a citizen of Delaware and North Carolina for diversity purposes.

      c. Members of Plaintiffs' proposed Class are also citizens of a State different from BofA. Plaintiff's putative Class is defined without geographic restriction as, "All Bank of America small business customers who utilized Bank of America for assistance with and processing of their PPP loans administered by the SBA." Original Petition ¶ 9, p 4. This Class definition encompasses persons and entities with citizenship of states other than Delaware and North Carolina.

13. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). A removing defendant's initial burden with respect to CAFA's $5,000,000 amount in controversy requirement is to present a plausible allegation of the amount at stake in its notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014).

      a. This action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) because the amount at stake exceeds $5,000,000, exclusive of interest and costs. Plaintiffs' Original Petition alleges that Plaintiffs "seek to recover actual and consequential damages of no less than $10,000,000, exemplary damages, treble damages, attorneys' fees and costs." Original Petition ¶ 2, p 2.

      b.      BofA disputes that it is liable to Plaintiffs or the putative Class, or that Plaintiffs or the putative Class suffered any injury or incurred damages in any amount whatsoever as a result of BofA's conduct.  But for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5 million.

14.      In addition to jurisdiction under CAFA, this Court has original subject matter jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(a), 1441(b).[2]

      a.      As explained above, the members of each of the Plaintiff limited liability companies are citizens of Texas, while BofA is a citizen of Delaware and North Carolina.  As a result, there is complete diversity of citizenship between the named parties.

      b.      Additionally, Plaintiffs allege over $75,000 in damages.  Plaintiffs claim that BofA failed to process their loan applications to the SBA, and that Plaintiffs were thereby deprived of the loan funds.  In addition, Plaintiffs allege that they are seeking treble damages under the Texas Deceptive Trade Practices Act, exemplary damages, and attorneys' fees.  Based only on the request for treble damages, the amount of the PPP loan sought by each Plaintiff would need to be only $12,500.00 in order to satisfy the jurisdictional threshold.

15.      By filing this Notice of Removal, BofA does not waive any jurisdictional objection or other defense that is or may be available to it.

---

[2] BofA will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.  A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail.  *Dart Cherokee*, 574 U.S. at 83; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

## CONCLUSION

BofA hereby removes the above-styled and captioned cause pending in the 34th Judicial District Court of El Paso County, Texas to this Court under 28 U.S.C. § 1332 and 1441 and requests that further proceedings be conducted in the El Paso Division of the U.S. District Court for the Western District of Texas, as provided by law.

                            Respectfully submitted,

                            BANK OF AMERICA CORPORATION

Dated: May 19, 2020                /s/ Catherine Than
                                        Alejandro Acosta, Jr.
                                        Texas Bar No. 00835600
                                        Catherine Than
                                        Texas Bar No. 24034704
                                        BICKERSTAFF HEATH DELGADO
                                              ACOSTA LLP
                                        121 Paragon Lane
                                        Building B-1
                                        El Paso, Texas 79912
                                        Tel. 915-533-1810
                                        Fax 915-533-1841
                                        aacosta@bickerstaff.com
                                        cthan@bickerstaff.com

                            Enu Mainigi (*pro hac vice* forthcoming)
                            Kenneth C. Smurzynski (*pro hac vice*
                                 forthcoming)
                            Craig D. Singer (*pro hac vice* forthcoming)
                            Jesse T. Smallwood (*pro hac vice*
                                 forthcoming)
                            Beth A. Stewart (*pro hac vice* forthcoming)
                            WILLIAMS & CONNOLLY LLP
                            725 12th Street, N.W.
                            Washington, D.C. 20005
                            Tel. 202-434-5000
                            Fax 202-434-5029
                            emainigi@wc.com
                            ksmurzynski@wc.com
                            csinger@wc.com
                            jsmallwood@wc.com
                            bstewart@wc.com

                            *Counsel for Bank of America Corp.*

**CERTIFICATE OF CONFERENCE**

On May 18, 2020, Defendant's counsel Jesse T. Smallwood attempted to confer with opposing counsel for Plaintiffs, Alfonso Kennard, Jr., to notify him of Defendant's intent to remove and to determine whether Plaintiffs oppose removal. Defendant's counsel called the phone number on Plaintiff's Original Petition, but the number listed had no voicemail option and no one answered. Defendant's counsel then followed up with an email, and to date has not received a response. Defendant's counsel later that same day called the phone number on Plaintiff's Original Petition again, and this time left a message with the receptionist, but to date has not received a response to that message either.

    /s/ Jesse T. Smallwood
Jesse T. Smallwood

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of May 2020, true and correct copies of Bank of America Corporation's Notice of Removal and the exhibits thereto, were filed with the Court via CM/ECF, and that a true and correct copy of this document was served upon all counsel of record, as indicated below, *via* e-mail, CM/ECF system, facsimile, and/or certified mail (return receipt requested):

| | |
|---|---|
| Alfonso Kennard, Jr.<br>Kennard Law P.C.<br>2603 Augusta Drive, Suite 1450<br>Houston, Texas 77057<br>Tel. 713-742-0900<br>Fax 713-742-0951<br>alfonso.kennard@kennardlaw.com | Kevin T. Kennedy<br>Kennard Law P.C.<br>2603 Augusta Drive, Suite 1450<br>Houston, Texas 77057<br>Tel. 713-742-0900<br>Fax 713-742-0951<br>kevin.kennedy@kennardlaw.com |

    /s/ Catherine Than
Catherine Than